Good afternoon, Your Honors. My name is Gary Finn, and I represent the petitioner Virgilio Anaya-Ortiz. Your Honors, the petitioner's firearms conviction, for which he was ordered removed in this case, is not an aggravated felony. The offense that he was convicted of in California, Penal Code Section 12021A, is not described in 18 U.S.C. 922G. 18 U.S.C. 922G has an element of interstate commerce. A firearm has to be involved in interstate commerce in order for the... Has this court rejected that conclusion? It has, Your Honor, in a case called U.S. v. Castillo Rivera. But I believe that after Castillo Rivera was decided, this court also decided another case, Cáceres Gutierrez v. Ashcroft, that I cite in my brief. And in that case, the court held that in an immigration case, the court is not necessarily bound by prior decisions that it's made in criminal sentencing guideline cases. But after that, there was a Supreme Court case on that whole precise issue, was there not? Are you referring to Leocal versus... No. Lopez. Do you think... Lopez. The one having to do with the precise issue of the parallel felony drug trafficking crimes. Lopez. Lopez. Oh, I'm sorry, I'm not aware of that one. I was thinking of the Leocal case. Leocal does assume, does have a statement, as does the other case, Lopez, that says essentially that one looks at the criminal and immigration definitions of aggravated felony consistently. Counsel, this is not a sarcastic question. I'm really seeking information. Are you aware of any California state felony that has as an element interstate commerce, the federal predicate? No. So it would be your theory then that no California felony could ever fall within the same rubric as the federal statutes. Because all federal statutes have as an element some kind of interstate involvement. Right. Well, I think that what Your Honor suggested wouldn't be true, because in this case specifically the statute says that the immigration judge and the Board of Immigration Appeals is to look to 18 U.S.C. 922G to determine whether or not the crime is an aggravated felony. And in most other types of cases, like let's say a sexual abuse of a minor or a drug trafficking crime, those would be defined just under state law. There's no element or there's no directive in the statute to look to 18 U.S.C. 922G or some other federal criminal. But you would be cutting out any state drug trafficking crime. I'm sorry? You would be cutting out any state drug trafficking crime. Okay. Well, maybe that's a bad example. But wouldn't you be? I mean, by your theory, you would be cutting out any state drug trafficking crime. I don't think I would, Your Honor. Why? Well, a state drug trafficking crime such as, you know, possession for sale, I mean, those are just under the California, I believe the California statute and federal statutes on that would be pretty much. But they don't have an interstate. Oh, I see, because it wouldn't be, because the fire office has an interstate commerce element. Yeah, and that's pretty unusual. I mean, if you look at the different grounds of, or the different statutory definitions for aggravated felony, it's a minority of them that say that you have to look to a certain federal statute to determine whether it's an aggravated felony or not. Most of them are the opposite. As, for example, a crime of violence, the court just has to determine whether or not the state offenses a crime of violence as that term's been defined. All right. Let's go to your other issue, the particularly serious crime issue. Is it your understanding that a particularly serious, was the DUI with injury crime an aggravated felony? No. Does that matter with regard to whether it's a particularly serious crime? Well, I think it's something that you can look at. I mean, to decide a particularly serious crime, the Board of Immigration Appeals is supposed to look to different factors under a board case called Frantescu that was decided many years ago. But Frantescu was decided under a different statute, right, before there was any reference to aggravated felonies in the statute. And what I'm asking you is, as the statute stands now, isn't it the most natural reading of it that it has to be an aggravated felony for which the sentence is less than five years to be a particularly serious crime, or is it? I mean, have you thought about that? Have you? Well, I have, and I think that the fact that this particular, the drunk driving was not an aggravated felony. That was decided in the case we were talking about earlier, latent health. Right. It's not an aggravated felony. I mean, I think that's a factor that the court should consider in deciding whether or not it's particularly serious or not. I think the judge's question is, is particularly serious offense a subset of aggravated felonies? And if a felony is not an aggravated felony, by definition could not be subsumed within aggravated felonies, a particularly serious offense. Have you looked at that? I think you're right, Your Honor. I think if it's not an aggravated felony, it couldn't be particularly serious. Our case laws are a little strange about this. I mean, we seem to say over and over again as if it's supposed to be an aggravated felony, and then the last opinion, Morales, kind of a little bit equivocates. But you've been arguing it on a separate premise, simply that even applying Francesco factors, they weren't applied adequately. Can you tell us why? Well, it's clearly not an aggravated felony, and the court, I believe, and the Board of Immigration Appeals in this case, looked pretty much at what actually happened, what the crime involved. You know, my client was driving drunk, and he ran into a structure at somebody's house, apparently. And the court was focusing or the BIA was focusing on how reckless it felt that this conduct was. And I thought, I think it's interesting that the statute my client was convicted under, in fact, doesn't have a reckless disregard element. You can be guilty under, this was Penal California Vehicle Code Section 23-153, which you can be found guilty of based on negligent conduct, not reckless conduct. And I don't think that the Board of Immigration Appeals looked at whether or not the circumstances of this crime would indicate that my client would be a danger to the community. After all, it had been 13 years before the hearing before the immigration judge, and my client had never driven drunk again after that 1990 incident. So I believe that the Board of Immigration Appeals and the immigration judge focused extensively only on one of the four frantescu factors, which was the circumstances of the conviction. It didn't really look at the type of sentence imposed, which is another requirement under frantescu. My client had a probationary sentence, didn't go to state prison. Didn't he testify that he was in jail for a year? In county jail. Yeah, he did say he was in jail. So it was probationary, but he was in jail for a year. Right. He testified he was in county jail for a year. Was that pretrial? We don't know that. I really don't know. It's not in the record. We don't know that. What sentence he received? I believe that it was a probation and county jail time. Basically credit for time served type of sentence? I think so. And frankly, I think that my client may not have been totally accurate because basically it was the only thing in the record about that conviction was testimony and then the allegation of the prior and the conviction records for the felon in possession of a firearm case. So there wasn't much in the record about it. But he clearly wasn't sentenced to prison. He wasn't sent to prison for that crime. And like I said, and I'll just say that, you know, the court should have also looked to the fact that 13 years had gone by without a reoffending drunk driving case. So I'll reserve them. I'm sorry. Excuse me, counsel. Did you find any cases in either at the immigration level or at the federal court level that has faulted the determination because it was only a particularly serious offense and did not take the step one further and ask was this particular serious offense committed under the circumstances in which it was committed also evidence of a danger to the community? Well, there was a case that was decided after I finished the brief. It's Fridi v. Gonzalez, 442 Fed Third 1212, which was decided by the Ninth Circuit last year, where the court did say that the Board of Immigration Appeals had only looked to the circumstances of the crime and had not adequately looked at the circumstances and then didn't determine whether or not the petitioner was going to be a danger to the community. I'm not sure that answers your question. That's adequate. I guess the best I could do right now. Okay. Well, your time is up. We'll give you about a minute in rebuttal. Thank you. Thank you. Counsel. Thank you, Your Honors. May it please the Court. My name is Melissa Nyland-Kelton for the Attorney General. Unless the Court has any questions about the aggravated felony argument, the government will submit its argument on the brief that this Court has clearly found that the petitioner's conviction under 12021A1 is an aggravated felony for immigration purposes as well. The analysis performed in the case was under the Taylor approach, which is what this Court looks to when it's analyzing a crime for aggravated felony under the INA. And I would move on to the Court's concerns about the particularly serious crime issue. First of all, to answer your question, the Seventh Circuit has recently come out with a case saying that the agency has discretion to determine that any crime is a particularly serious crime. And the Third Circuit has said the opposite. And we've kind of always assumed that it had to be an aggravated felony. And then in a series of cases stated it that way. And then in Morality said, well, we're not quite sure. Maybe it doesn't. Is that the state of the law at least? That's correct, Your Honor. It would seem that the majority of the cases decided in this circuit have always assumed that the language of the statute that talks about particularly serious crime, because the first sentence talks about the per se particularly serious crime, which is if it's an ag fel with an aggregate sentence of five years, that's a particularly serious crime. The next sentence is somewhat ambiguous. It does refer back saying even the foregoing sentence, I believe it. Isn't the statute just state that the VAG has discretion? And then the statements later on in the note below seem to relate to the legislative history about the desire of Congress to make aggravated felonies per se and giving back the VAG. But how has the BIA interpreted this statute? Does the BIA interpret it as revised, as giving it discretion? Well, Your Honor, if the court in the BIA's decision, I believe it was in 1999 in matter of LS, which this court has cited to but not really gone through an entire analysis of whether it's limited to an aggravated felony or not. Matter of LS is 22INN645. There's a footnote 7 in that decision that does specifically state that the case-by-case analysis of frantescu, which we referred to earlier, which is clearly an analysis for particularly serious crime, applies, I believe it says, applies to crimes also not falling in the aggravated felony definition, which would indicate that the agency clearly believes that it does not have to be limited to. But there are statements in other BIA decisions that, again, repeat it as if it has to be an aggravated felony. But only for the purpose of that descriptor, the end clauses, as Judge Ikuda mentioned, where the previous sentence shall not preclude the AG from determining that notwithstanding the length of sentence, an alien has been convicted of a particularly serious crime. If you go back to sub 2, all that it says is the alien, having been convicted by a final judgment of a particularly serious crime, is a danger to the community of the United States. Nowhere in the statute or anywhere in the BIA's case law does it explicitly state that a particularly serious crime is limited only to an aggravated felony. Here it's just narrowing it down. So is your argument, as I understand it, that subsection 2 is a general statement and that subsection, and that the description at the end says that aggravated felonies are per se such crimes? If they have five years. If they have five years. And that aggravated felonies of less than five years can also be particularly serious crimes. Correct, Your Honor. But that second statement wouldn't be necessary if you were right about subsection 2, right? Well, I think the reason that Congress was elaborating there is because previously, under prior sections, versions, excuse me, of the INA, it was enough to just have an aggravated felony, and that was a particularly serious crime. They've amended the INA, and this would give some direction as to Congress still states that if it's an aggravated felony with five years in the aggregate, that's per se. We don't need to look any further. It takes the next step saying if it's less than five years, it's up to the Attorney General to decide whether that aggravated felony. But that would already be true under subsection 2. Under your reading of subsection 2, that's a superfluous statement. Well, no. The reading is that nothing in the statute or the case law limits the agency to only take into account aggravated felonies. Okay. I understand. And that's borne out by the Board's decision in Matter of Ballast where they clearly contemplate the possibility that the Attorney General in his or her discretion. Maybe what you're saying is that the description at the end allows the Attorney General to decide that an aggravated felony of less than five years is a particularly serious crime without doing the case-specific Francesco study. Is that what you're saying? I'm just trying to figure out how that is not superfluous. I understand, Your Honor. I don't believe that I could say that because the case law in this Court and in the Board has stated otherwise that when it's less than five years and it's an aggravated felony, you absolutely do the Francesco study. I see. I think that this is just giving some clarity to the aggravated felony provision itself or the fact that an individual is convicted of an aggravated felony. But I don't think that this limits the Board or this Court to saying that the Attorney General doesn't have discretion to find that any crime would be particularly serious, also going through a case-by-case analysis. But the problem is that it seems so incredibly open-ended if you read it that way. I mean, isn't the alternative to say that Congress, in adding the aggravated felony provision in the first place, was trying to essentially cabin the breadth of the Francesco version and then broadened it out some after that, but that to allow ñ I mean, this case is a good description. How can anybody decide whether running into somebody's house while you're drunk and having something fall on somebody's head is, you know, such that this person should be sent back to wherever he's from, let's assuming that it is more likely than not, someone's 100 percent sure that he's going to get killed if he gets there? How do we do that with such a vague and amorphous standard? Well, I have two responses to that, the first being the more general response that the statute clearly provides for the Attorney General in his or her discretion to determine whether something is particularly serious. And that's always been the government's position. It continues to be the government's position. The Board's case in the matter of LS bears that out, as does the Seventh Circuit, which granted there is some circuit conflict there, but we believe the Seventh Circuit has the correct approach and they did a very good analysis in the decision of Matter-Ali. But I think more to the point in this case is the fact that Petitioner did not raise that specific issue to either the Board or really to this Court. He has never challenged the agency's finding of this crime itself. I think that's probably true. It's just hard to work with a standard. We don't know what the standard is. That's fair, Your Honor. But I think that there's nothing that would preclude this Court from taking a look at this case and saying the Attorney General has discretion to find something particularly serious, which arguably would deprive the Court of jurisdiction. However, we have real ID that says the Court still has jurisdiction to look at questions of law. Would you tell me why, just to get off on a little side topic, why is the particularly serious crime issue jurisdictional? The particularly serious crime finding generally, why is that jurisdictional? I mean, this is all sitting in the middle of a provision about whether you can have withholding. What makes it jurisdictional? Well, this Court has found both before and after the Real ID Act that it falls under 1252A2B2, which states that the Court lacks jurisdiction to review a matter entrusted to the Attorney General's discretion. And here, both before and after the Real ID Act, this Court has found that the Attorney General... It's because of the discretion. It's not because of the criminal reference. Yes. You said in the case that starts with U, but I can't pronounce it, that we... I know which one you mean, Your Honor. Thank you. That we lack the jurisdiction to review the ultimate decision of whether the crime is a particularly serious crime, but we do have the jurisdiction to determine whether the BIA is applying the correct legal standard. What does that mean? How would you characterize the difference between those two things? That has also, I think, also been borne out a little bit in Afridi and, to some extent, Morales, which were the two decisions that came out after the briefing was completed. Here, what that would allow the Court to do would be to look at the agency's analysis of the particularly serious crime to the extent that it applied the correct legal standard. As soon as the Court can look at that and answer that question in the affirmative, yes. And that, I think, if you look at the IJ's decision at pages 41 and 42, while he doesn't say frontescue, he says all of the factors that are listed in that case. Moreover, the Board repeats it and affirms the IJ's decision. Well, what about the sentence? The sentence here was probation. Is that right? Well, all we have is what was in the record at page 71 where he said, I was sentenced to a year in county jail and I served the entire year. The point being that as soon as the Court can reassure itself in the affirmative, yes, the agency here applied the correct standard. As you've held on a freedie, that's where the inquiry must end. You can't re-weigh and re-evaluate the factors that the agency has applied. That's where the discretionary bar comes in. As soon as this Court can assure itself, yes, here. But the factors have to have some quantitative element, don't they? I mean, how bad is, you know, if he says he was sentenced to one day and the person said, all right, it's one day, therefore I'm going to find it's a particularly serious crime, we'd say fine? My time has expired. May I ask you a question? Yes, please. Thank you. The fact that the Court may disagree with the way the agency applied the factors does not give it a jurisdiction. But the fact, I guess what I'm saying is the factor has to be a, it can't just be a sentence. It has to mean a long sentence. In other words, otherwise it's nonsensical. If you don't, if Francesco is not talking about the fact that we're supposed to be, we're ultimately looking for something that's particularly serious, both of which have quantity notions to them or dimensional notions. And, therefore, when they say sentence, they don't mean you just look at the sentence. They have to mean you look to see whether the sentence is, you know, higher than usual or high or more than zero or something, some kind of a dimensional notion. That's fair, Your Honor. And here, in addition to looking at the sentence, the Court can look to, or rather the agency looks to the facts and circumstances of the crime and the nature of the conviction. And here, again, I would point out the petitioner doesn't make these nuanced challenges in his brief. He just makes the conclusory assertion that the BIA failed to apply the factors, which I think any rational reading of the agency's decisions, both the Board and the IGA's decision, would say that that is an argument that lacks merit. But here, in its conclusion, I think that if you look to a 3D and if you look to Morales, it's clear that as soon as the Court can assure itself that the agency applied the Franteschi factors, which this Court has affirmed in multiple decisions that those factors are appropriate when making a particularly serious crime analysis, as soon as the Court can assure itself that those factors were applied correctly, and in this case they were based on the petitioner's testimony of the facts and circumstances of his case at 73 and 76 of the record, and then that he didn't merit withholding. He was statutorily ineligible to apply for withholding. I think that the Court should satisfy itself of that and dismiss the case. I would like to say that this is probably the best government argument in an immigration case I've ever heard, and I really appreciate it. Oh, well, thank you very much. I appreciate that. Thank you, Your Honor. Go ahead. You have one minute, Vice President. Well, I guess I'm not really prepared to make a real nuanced argument right now, but what I could say is that I don't think that the Board or the immigration judge did correctly apply the Franteschi factors because, like I said earlier, they didn't talk about whether or not my client would be a danger to the community, which, after all, is probably the most important of them. But don't we have case laws? I understand that the statute appears to read that way, but don't we have case laws specifically saying that you don't need a second determination, that if it's a particularly serious crime, that's the end of the story? A particularly serious crime presumably should have some consideration, as I was saying before, some dimensional consideration having to do with dangerousness, but that's not a separate determination. But I think what I'm trying to say is that I don't believe that the Board or the judge properly arrived at the conclusion that it was a particularly serious crime. Counsel? Yes. I know your time is running out, but I do want to ask this question. If it should turn out, if the Ninth Circuit in another case should come down tomorrow saying that the only particularly serious offenses are aggravated felonies and that the Attorney General's discretion is limited to that class of aggravated felonies that do not result in a five-year sentence, if that's the holding of a case tomorrow, I'm not suggesting it would be, but if it were, have you preserved that issue? Could you argue that issue in this case? I don't recall raising that argument, honestly. It was certainly an open issue. I mean, you couldn't argue that it was foreclosure in any way. It was a definitely open issue in this court. Right. I mean, and I do think it's important, the fact that the drunk driving crime is not an aggravated felony. I mean, that's something that should be taken into consideration, whether or not statutorily it would have any impact, I think. Okay. Thank you very much for your argument. Okay. Thank you. And I thank counsel. And the case of Anaya Ortiz v. Gonzales is submitted. The next case, Papagayo v. Gonzales, has been submitted on the briefs. And the next case is Haddad v. Gonzales. Counsel?
judges: Berzon, Ikuta, Singleton